*E-Filed: March 19, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>          Plaintiff,<br>     v.<br><br>CRESCENT ALLIANCE GROUP, INC.,<br><br>          Defendant.<br>_____/ | No. C14-01517 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 11]** |

Federal Insurance Company sues Crescent Alliance Group, Inc. for failure to remit premiums and surcharges for insurance coverage provided by Plaintiff. The Clerk entered default against Defendant after it was served with a summons and complaint but failed to answer or otherwise appear. *See* Dkt. No. 9.  Plaintiff now moves for default judgment. *See* Dkt. No. 11. Defendant has not opposed the motion.  Because not all parties have consented to the undersigned's jurisdiction, the undersigned orders that the case be REASSIGNED to a district judge. For the reasons stated below, the undersigned recommends that the motion be GRANTED.

## BACKGROUND

Plaintiff issued the following policies of workers' compensation insurance to Defendant: (1) Policy No. 004472717100 for the effective dates of July 31, 2011 to July 31, 2012 ("2011 Policy"); and (2) a renewal of the 2011 Policy under Policy No. 0044727101 for the effective dates of July 31, 2012 to July 31, 2013, cancelled mid-term as of April 18, 2013 ("2012 Policy").  Compl. ¶¶ 6-7. These two policies are insurance contracts that provide, in exchange for payment of premiums,

1  insurance coverage for liabilities of Defendant under the workers' compensation statutes of various
2  states, including California. *Id.* ¶ 8.

3  Plaintiff alleges that it fulfilled its contractual obligations and provided the coverage
4  afforded by the Polices. *Id.* ¶ 9. For the 2011 Policy, the sum total of premiums and surcharges,
5  including audit premiums, is $437,867. *Id.* ¶ 13. Defendant remitted $186,452 for premiums and
6  surcharges, and therefore remains indebted to Plaintiff in the amount of $251,415. *Id.* ¶¶ 14-15. For
7  the 2012 Policy, the sum total of premiums and surcharges, including the audit premiums, is
8  $207,650. *Id.* ¶ 16. Defendant remitted $194,053 for premiums and surcharges, and therefore
9  remains indebted to Plaintiff in the amount of $13,597. *Id.* ¶¶ 17-18. Although Plaintiff has issued
10 invoices and demands for payment for the outstanding premiums, Defendant has failed to remit the
11 payment of $265,012 owed to Plaintiff pursuant to the terms of the Policies. *Id.* ¶¶ 19-20.

12 The complaint asserts three claims: (1) breach of contract; (2) unjust enrichment; and (3)
13 account stated. Dkt. No. 1. Defendant was served in April 2014. Dkt. No. 7. Defendant did not
14 file an answer. Plaintiff filed a request for entry of default, and the Court entered default. Dkt. Nos.
15 8, 9. Plaintiff now moves for default judgment against Defendant. Dkt. No. 11. Plaintiff requests
16 that default judgment be entered against Defendant in the amount of $265,012 plus interest,
17 attorneys' fees and costs in an amount to be determined upon further application of Plaintiff.

**LEGAL STANDARD**

19 Generally, a party is in "default" if the party has failed to plead or "otherwise defend" in a
20 timely fashion to a pleading seeking affirmative relief against the party. Fed. R. Civ. P. 55(a).

21 After entry of default by the Clerk, courts are authorized to grant default judgment in their
22 discretion. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court
23 may consider the following factors in deciding whether to enter default judgment: (1) the possibility
24 of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of
25 the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning
26 material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy
27 underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*,
28 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the

plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

## DISCUSSION

### A. Entry of Default Judgment

The *Eitel* factors favor entry of default judgment here. First, Plaintiff's claims have merit, and all are sufficiently pled. In regards to the first claim for breach of contract, Plaintiff alleges that Defendant agreed to remit payment of premiums and surcharges, including audit premiums, in consideration for Plaintiff's provision of insurance coverage to Defendant. Compl. ¶ 24. Plaintiff alleges that Defendant breached the contracts (i.e., the Policies) by refusing to remit payment of $265,012 to Plaintiff pursuant to the terms of the Policies. *Id*. ¶¶ 25-26.

In regards to the second claim for unjust enrichment, Plaintiff alleges that Plaintiff has provided insurance coverage and related services to Defendant, which Defendant has refused to pay for. *Id.* ¶ 29. Defendant has thus been unjustly enriched by the receipt of such coverage and services to Plaintiff's detriment. *Id*. ¶ 30. Although Plaintiff has demanded that Defendant remit payment of the amounts due and owing to Plaintiff, Defendant has refused to do so. *Id*. ¶¶ 31-32.

In regards to the third claim for account stated, Plaintiff alleges that Defendant, being indebted to Plaintiff upon accounts stated between them, and having acknowledged such debt, promised to pay Plaintiff upon demand. *Id*. ¶ 34. Although Plaintiff has repeatedly demanded that Defendant remit payment for the amounts owed, Defendant has failed to remit payment. *Id*. ¶ 35.

Second, there can be no dispute over material facts because all liability-related factual allegations are taken as true. Third, Plaintiff would be prejudiced if default is not entered because Defendant has refused to participate in this action since it was filed, and Plaintiff has no other avenue for relief. Fourth, there is no evidence that Defendant's failure to appear and defend itself is due to excusable neglect. Fifth, while the Federal Rules of Civil Procedure favor judgments on the merits, Defendant's refusal to participate in this litigation renders such a decision impossible. Sixth, Plaintiff requests $265,012. This is significantly less than the amount sought in *Eitel*. *See Eitel*, 782 F.2d at 1472 (seeking almost $3 million in damages).

Accordingly, all of the *Eitel* factors weighing in favor of Plaintiff's application, the Court recommends that Plaintiff's motion be granted.

### B. Relief Requested

Plaintiff requests that default judgment be entered against Defendant in the amount of $265,012 plus interest, attorney's fees and costs in an amount to be determined upon further application of Plaintiff.

In support of this request, Plaintiff submits an affidavit by James C. Fitzsimmons, the Assistant Vice President of Chubb & Son, a division of Federal Insurance Company. Fitzsimmons Aff. ¶ 2. Fitzsimmons is also an employee of Chubb Custom Market, Inc., a wholly-owned subsidiary of the Chubb Corporation. *Id*. In this capacity, Fitzsimmons is responsible for the collection of certain debts owed by policyholders to Federal Insurance Company for which Federal Insurance Company is forced to institute litigation. *Id*.

Attached to the affidavit is: (1) an audit statement for the 2011 Policy showing that the sum total of premiums and surcharges, including audit premiums, is $437,867; (2) a billing statement for the 2011 Policy showing that Defendant owes Plaintiff $251,415 for premiums and surcharges; (3) an audit statement for the 2012 Policy showing that the sum total of premiums and surcharges, including audit premiums, is $207,650; and (4) a billing statement for the 2012 Policy showing that Defendant owes Plaintiff $13,597 for premiums and surcharges. Plaintiff has shown that it is entitled to $261,012 in compensatory damages.

### CONCLUSION

Based on the foregoing, the court ORDERS that this case be reassigned to a district judge.

The undersigned RECOMMENDS that Plaintiff's motion be granted. The undersigned further RECOMMENDS that compensatory damages be awarded in the amount of $261,012. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

///

///

///

4

In addition, Plaintiff is granted leave to file an interest calculation and bill of costs as of the date of this Order and file a motion for attorneys' fees, within thirty days after the date this Order is filed.

**IT IS SO ORDERED.**

Dated: March 19, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-02697 HRL Notice will be electronically mailed to:**

Ronald A. Peters    rpeters@littler.com, plopez@littler.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**